**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JEFFREY McBRIDE                          :          CIVIL ACTION
                                         :
            v.                           :
                                         :
STEVEN R. GLUNT, *et al*.                :          NO. 17-5374

<u>**MEMORANDUM**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                              April 23, 2020

## I.        BACKGROUND

This is a habeas corpus case involving a 2007 murder; Petitioner and his co-defendant were

tried and convicted by a jury in 2009.  Petitioner filed his habeas corpus petition, *pro se*, in

November 2017, and he filed an amended petition, in February 2018.  In May 2018, an attorney,

Teri B. Himebaugh, Esq., entered her appearance; in September 2018, she filed an amended

petition.  The counseled amended petition contained four claims; one of them is that trial counsel

rendered ineffective assistance, because he failed to object to the trial judge's unique, emotional

example of what might constitute a reasonable doubt.[1]  Petitioner concedes that this ineffective

---

[1] The relevant portion of the jury instruction provided at Petitioner's trial was:

> I find it helpful to think about reasonable doubt in this way: Each one of you loves someone.  Each one of you is blessed to love someone.  A spouse, a significant other, a parent, a child, a niece, a nephew, each one of you has someone in their life who is precious.
>
> If you were advised by your precious one's physician that that loved one had a life-threatening condition and that the only protocol was a surgery, very likely you would ask for a second opinion.  You'd probably get a third opinion.  You'd probably start researching the illness, what is the protocol, is surgery really the only answer.  You'd probably, if you're like me, call everybody you know in medicine: What do you know about this illness?  What do you know about this surgery?  Who does this surgery across the country?  What is my option.
>
> At some point, however, you're going to be called upon to make a decision:  Do you allow your loved one to go forward?  If you go forward, it's not because you have moved beyond all doubt.  There are no guarantees.  If you go forward, it is because you have moved beyond all reasonable doubt.

Resp. at 48.

assistance claim is defaulted; however, he seeks to excuse the default by invoking *Martinez v. Ryan*, 566 U.S. 1 (2012) and its Third Circuit progeny.

The trial judge appears to have used the challenged instruction in numerous murder trials for several years.  Eventually in 2017, it was successfully challenged, in this district, on due process grounds.  *See Brooks v. Gilmore*, Civ. A. No. 15-5659, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017).  Furthermore, in *McDowell v. Delbalso*, Civ. A. No. 18-1466, the undersigned found this instruction to be defective ("the *Brooks* claim") and granted habeas relief for a defaulted claim of ineffective assistance of trial counsel for failing to raise the *Brooks* claim.

After the amended petition had been filed in this case, a new attorney, Michael Wiseman, Esq., entered his appearance, in October 2018.  Next, in December 2018, this case was placed in civil suspense, so that Petitioner, a juvenile at the time of the murder, could be resentenced by the state court, pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012).   Petitioner was resentenced to a term of 25 years to life in prison, in July 2019; he then informed this court that his habeas case could proceed.  This court entered a new scheduling order, because new counsel wanted the opportunity to consider additional claims and the Commonwealth had yet to respond to any of Petitioner's claims.

 In December 2019, Petitioner moved for judgment solely on the claim that trial counsel rendered ineffective assistance, by omission of the *Brooks* claim.  The Commonwealth declined, in its Response of this month, to concede error on this claim and, instead, answered all of Petitioner's claims.  Although the Commonwealth does not defend the challenged reasonable doubt instruction, it argues that Petitioner cannot excuse his procedural default of the claim that trial counsel was ineffective for omitting the *Brooks* claim.  This court finds that the circumstances of this case require an evidentiary hearing to determine whether PCRA counsel rendered

ineffective assistance and, if so, whether trial counsel rendered ineffective assistance by omitting the *Brooks* claim.

The court's analysis herein mirrors its prior decision in *McDowell*, a very similar case. Both cases involve the same trial judge and essentially the same instruction.  Further, the Commonwealth did not defend the challenged instruction in *McDowell* or in this case.  Rather, as in *McDowell*, the Commonwealth argues that Petitioner cannot overcome the default of his trial counsel ineffective assistance claim.  In *McDowell*, this court found, based upon the evidentiary record McDowell's  habeas counsel had created, and application of the Third Circuit's guidance on how to apply *Martinez*, that Petitioner's default could be excused, because PCRA counsel had rendered ineffective assistance.  The record in McDowell adequately established that trial counsel had ineffectively omitted a meritorious *Brooks* claim.  However, the instant evidentiary record is too sparse for this court to determine if PCRA counsel or trial counsel were ineffective.

## II.   DISCUSSION

Petitioner is entitled to a merits review of his defaulted ineffective assistance of trial counsel claim if:  (1) the default was caused by ineffective counsel on post-conviction review; (2) the ineffectiveness of counsel occurred in the first collateral proceeding when the defaulted claim could have been heard; and (3) the defaulted claim is substantial.  *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 762 (3d Cir. 2018) (citing *Martinez*, 566 U.S. at 14; *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014)).  To satisfy the first prong of the test, Petitioner must demonstrate that state post-conviction ("PCRA") counsel's performance was deficient, under *Strickland v. Washington,* 466 U.S. 668 (1984).  *Richardson*, 905 F.3d at 762 (citing *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 375 (3d Cir. 2018)).  Petitioner need not independently demonstrate that PCRA counsel's deficient performance caused prejudice; if the

defaulted claim of trial counsel's ineffectiveness is substantial, then sufficient prejudice from PCRA counsel's deficient performance exists. *Richardson*, 905 F.3d at 764 (citing *Workman v. Superintendent Albion SCI*, 903 F.3d 368, 376-79 (3d Cir. 2018)). A defaulted ineffective assistance claim is substantial if it has "some merit," that is, if reasonable jurists could debate its merits or if it deserves encouragement to proceed further. *Id.* at 763 (citing *Preston*, 902 F.3d at 377).

**A.     Part One of the *Martinez* Test**

A finding of deficient performance by PCRA counsel depends upon the merit of the omitted jury instruction challenge and whether trial counsel failed to challenge the reasonable doubt jury instruction. *See Richardson*, 905 F.3d at 762. Notably, the Commonwealth argues that trial counsel was not ineffective for failing to challenge the jury instruction, *see* Response ("Resp.") at 58-71, without contending that the instruction complies with due process. *See id.* at 49, 58. This stance comports with the Commonwealth's office-wide decision to decline to argue that the instruction – which Petitioner's trial judge had used in numerous murder trials – complies with federal constitutional requirements. *See Baxter v. Superintendent SCI Coal Township*, Civ. A. No. 18-46, N.T. 5/3/18 at 14 (E.D. Pa.). The Honorable Gerald A. McHugh of this court explained that this particular instruction violates due process, because it permits a jury to convict on a lesser degree of proof than the correct reasonable doubt standard requires; the defective instruction characterizes a reasonable doubt as one which the juror will surmount to make a decision, rather than one which would simply cause him or her to hesitate.[2] *Brooks*, 2017 WL

---

[2] As recounted by Judge McHugh, the instruction in *Brooks* stated in relevant part:

> It's helpful to think about reasonable doubt in this manner. Let's say, and I know that each one of you does have someone that you love very much, a spouse, a significant other, a child, a grandchild. Each of one of you has someone in your life who's absolutely precious to you. If you were told by your precious one's physician that they had a life-threatening condition and that the only known protocol or the best protocol for that condition was an experimental surgery,

3475475, at *4.

The trial court's violation of due process is clear to this court; furthermore, based upon policy or strategic reasons, the Commonwealth has declined to defend the instruction. Moreover, without cavil, trial counsel failed to challenge the defective instruction. However, the record is devoid of evidence concerning why PCRA counsel failed to raise the defaulted claim. In *McDowell*, his PCRA counsel, under penalty of perjury, declared in writing, that she lacked any strategic reason for failing to challenge his trial counsel's failure to challenge the trial court's jury instruction on reasonable doubt. Civ. A. No. 18-1466, Declaration of Shannon McDonald, Esq., Pet'r Appendix ("App.") at A101-A102. In fact, when McDowell's PCRA counsel first learned of the *Brooks* decision, McDowell's PCRA case was on appeal to the Superior Court; Ms. McDonald, albeit unsuccessfully, attempted to withdraw as counsel so that a new attorney could be appointed to raise her own ineffectiveness for omitting the *Brooks* claim. *Id.* Based on that record, this court could conclude that McDowell's PCRA counsel had performed deficiently by failing to claim that trial counsel was ineffective for failing to challenge the reasonable doubt jury instruction, thereby satisfying the first *Martinez* requirement. *Richardson*, 905 F.3d at 763. This case lacks any evidence of why PCRA counsel omitted the claim at issue. In order to have a factual basis for a *Martinez* determination, this court must conduct an evidentiary hearing.

**B.    Part Two of the *Martinez* Test**

Counsel failed to raise the trial counsel ineffective assistance claim in the PCRA petition.

---

you're very likely to ask for a second opinion. You may even ask for a third opinion. You're probably going to research the condition, research the protocol. What's the surgery about? How does it work? You're going to do everything you can to get as much information as you can. You're going to call everybody you know in medicine: What do you know? What have you heard? Tell me where to go. But at some point, the question will be called. If you go forward, it's not because you have moved beyond all doubt. There are no guarantees. If you go forward, it is because you have moved beyond all reasonable doubt.

*Brooks*, 2017 WL 3475475, at *3.

Under Pennsylvania law, that was Petitioner's first opportunity to raise the claim of trial counsel's ineffectiveness. *Commonwealth v. Grant*, 813 A.2d 726, 737-38 (Pa. 2002). Hence, Petitioner has satisfied the second *Martinez* requirement. *Richardson*, 905 F.3d at 763.

**C.      Part Three of the *Martinez* Test**

Whether the omitted ineffective assistance of counsel claim has some merit is dependent upon the merit of the underlying, omitted jury instruction claim. The deficiency in the instruction is clear to this court, hence, the ineffective assistance of counsel claim, likewise, has some merit. *See Richardson*, 905 F.3d at 763-64. Consequently, there is also some merit to the claim that trial counsel's performance was deficient in failing to object to the suspect reasonable doubt jury instruction. *Id.* at 764. That is enough to obtain a *Martinez* exception to overcome the default, without showing *Strickland* prejudice. *Id.* (citing *Workman*, 903 F.3d at 376-79). Hence, if PCRA counsel is found ineffective, the merits of the defaulted ineffective assistance of trial counsel claim could be considered.

**D.      Merits of the Defaulted Ineffective Assistance Claim**

In relevant part, the instruction given herein mirrors that found erroneous in *Brooks*. Therefore, a due process challenge to the reasonable doubt instruction provided at Petitioner's trial has merit. *See Brooks*, 2017 WL 3475475, *4. To prevail on his ineffective assistance claim, Petitioner must show that trial counsel's failure to challenge the instruction constituted deficient performance. *See Strickland*, 466 U.S. at 687. Further, because a deficient reasonable doubt instruction vitiates all of the jury's findings, *Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993), it is a structural error "with consequences that are necessarily unquantifiable and indeterminate." *Id.* at 282. Put another way, failure to provide a proper reasonable doubt jury instruction always results in fundamental unfairness. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017). For

that reason, where counsel performs deficiently by failing to challenge a defective reasonable doubt jury instruction, no showing of actual prejudice is required.  *See id.* at 1911; *Brooks*, 2017 WL 3475475, *7.

Pennsylvania's state courts have never addressed Petitioner's ineffective assistance claim, thus, *de novo* review, not deferential review, is appropriate.  *See e.g., Bronshtein v. Horn*, 404 F.3d 700, 710 n.4 (3d Cir. 2005) (Alito, J.).  All relevant portions of the reasonable doubt charge Petitioner's trial judge gave are virtually identical to the defective instruction successfully challenged in *Brooks*.  Both instructions asked the jury to consider a reasonable doubt in the context of selecting a course of medical treatment that would preserve the life of a "precious," loved one.  *See supra* 1 n.1 and 4 n.2.  Both described reasonable doubt as a hurdle to be surmounted to save the life of a loved one, rather than facts that would cause a juror to hesitate before acting – the proper consideration for over 50 years.  *See id*; *Brooks*, 2017 WL 3475475, *4 (citing *Holland v. United States*, 348 U.S 121, 140 (1954)).  The conclusion that the instruction violates due process is further bolstered by the Commonwealth's strategic decision not to defend it.  *See* Resp. at 49, 58; *Baxter*, N.T. 5/3/18 at 14.

An attorney's failure to make a meritorious objection constitutes deficient performance if it is not the result of a reasonable professional judgment.  *See Thomas v. Varner*, 428 F.3d 191, 201 (3d Cir. 2005).  Likewise, omitting a meritorious claim, without a reasonable explanation constitutes deficient performance.  *See Carpenter v. Vaughn*, 296 F.3d 138, 158 (3d Cir. 2002) (Alito, J.).  Herein, the Commonwealth posits that trial counsel's performance was not deficient, because, in non-precedential decisions, several state and federal judges had affirmed similar instructions by the same trial judge.  *See* Resp. at 58-59.  However, the relevant question is not whether state or federal judges had erroneously upheld similar instructions before Petitioner's trial,

but, whether, under governing law, they should have ruled otherwise. *See Brooks*, 2017 WL 3475475, \*6. Since the *Brooks* claim was meritorious, the state and federal judges should have ruled otherwise; their failure to properly apply the law does not legitimize or excuse trial counsel's performance.

The record does not indicate if trial counsel had an acceptable reason for failing to object. By contrast, in *McDowell*, shortly after Judge McHugh decided *Brooks*, McDowell's habeas counsel emailed McDowell's trial counsel, who was representing Wilfredo Santiago in a PCRA petition; Brooks' and McDowell's trial judge had also presided over Santiago's murder trial. Civ. A. No. 18-1466, Declaration of Daniel Silverman, Esq., App. at A1; *id.* at A4. McDowell's habeas counsel advised McDowell's trial counsel that Santiago's trial judge possibly had employed the same instruction used in *Brooks* and that defect could support a PCRA claim. *Id.* McDowell's trial counsel confirmed that the instruction given in Santiago's trial was identical to the defective one in *Brooks*. Civ. A. No. 18-1466, Appendix at A4. McDowell's' trial counsel thanked Petitioner's counsel for providing him with a "*bona fide* PCRA claim." *Id.* This exchange revealed that McDowell's trial counsel was not even aware of the defect in the reasonable doubt jury instruction provided at McDowell's 2010 trial until 2017. That attorney's failure to recognize the existence of the due process claim until seven years after McDowell's trial indicated that the claim was omitted out of ignorance, not in the exercise of reasonable professional judgment. Hence, McDowell's trial counsel's performance clearly was deficient. *Thomas*, 428 F.3d at 201; *Carpenter*, 296 F.3d at 158. Here, by contrast, no evidence establishes that trial counsel knew of any prior holdings that had affirmed the trial judge's instruction, or that reveal what else he knew about the relevant law at the time of Petitioner's trial, or why he failed to object to the deficient instruction. Hence, this court will conduct an evidentiary hearing to develop the record regarding

these vital questions.

An implementing Order follows.