IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFERY MCBRIDE** | : | CIVIL ACTION |
| v. | : | No. 17-5374 |
| **BARRY SMITH** | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                              **September  15 , 2021**

The Commonwealth of Pennsylvania objects to the May 28, 2020 Report and Recommendation (R & R) of United States Magistrate Judge Carol Sandra Moore Wells.  The R & R recommends that Petitioner Jeffrey McBride's petition for habeas corpus be granted because his trial counsel rendered ineffective assistance in failing to object to an erroneous reasonable doubt jury instruction. After the R & R was issued, however, the Third Circuit Court of Appeals issued a decision in the case of McBride's co-defendant, Armel Baxter.  Because the Court of Appeals' reasoning applies equally here, the objections to the R & R will be sustained and the matter remanded to Judge Wells for consideration of those additional claims raised by McBride which were not previously addressed.

## BACKGROUND

Given that the cases are virtually identical, the Court borrows the following summary of the underlying salient facts as stated by the Third Circuit in *Baxter v. Superintendent Coal Township* SCI, 998 F.3d 542 (3d Cir. 2021):

> On a warm April 2007 afternoon, Demond Brown was shot and killed at a playground in Philadelphia. Two eyewitness accounts and a corroborating witness implicated Baxter and his co-defendant Jeffrey McBride as the shooters. The two eyewitnesses, Hassan Durant and Anthony Harris, saw Baxter and McBride enter the playground wearing hooded sweatshirts. Brown noticed the pair and began to run. The pair then shot Brown eight to ten times and ran away. Durant and Harris knew Baxter from living in the same neighborhood.
>
> Rachel Marcelis, a friend of Baxter and McBride, confirmed Baxter and McBride's presence at the playground and their roles in the shooting. On the day of the incident, Marcelis drove by the playground with McBride and Baxter in her car. Either McBride or Baxter said they saw someone at the playground and told her to stop to let them out of the car, and she did so. She thereafter noticed many people running from the playground, including Baxter and McBride. Baxter and McBride got back into the car and said that "they got him" and that McBride "didn't have the chance to shoot" because his gun did not work. McBride later told Marcelis that Brown had killed their good friend. That weekend, Marcelis drove Baxter and McBride to Wilkes-Barre, Pennsylvania. Marcelis returned to Philadelphia a few days later, but McBride and Baxter stayed in Wilkes-Barre until their arrests. …
>
> 998 F. 3d at 544-545.

On February 5, 2007, McBride and Baxter were tried and convicted following a jury trial in the Philadelphia County Court of Common Pleas of first-degree murder, criminal conspiracy to murder, and possession of an instrument of crime in violation of 18 Pa. C.S. §§ 2502(a), 903(a)(1) and 907(a). McBride appealed to the Pennsylvania Superior Court, then to the Supreme Court of Pennsylvania, but his conviction was affirmed by both Courts. On April 14, 2011, McBride returned to the Court of Common Pleas to assert a claim for ineffective assistance of counsel pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S. § 9541, *et. seq.* ("PCRA"). Following an evidentiary hearing on some of his claims, his PCRA petition was dismissed. The Superior Court affirmed in part and reversed in part and remanded the case for re-sentencing in accordance with *Miller v. Alabama*, 567 U.S. 460 (2012). Thereafter the Pennsylvania Supreme Court denied his petition for allowance of appeal.

McBride filed a pro se habeas corpus petition in November 2017, and filed an amended petition, also pro se, in February 2018. In May 2018, counsel entered an appearance in McBride's case, and a counseled amended petition was filed in September 2018. On December 10, 2018, the federal habeas proceedings were stayed pending McBride's re-sentencing in state court. He was subsequently re-sentenced to 25 years to life imprisonment for first-degree murder; no further penalties were imposed for conspiracy or possession of an instrument of crime.

In December 2019, McBride moved for judgment solely on the claim that trial counsel rendered ineffective assistance by failing to object to the trial judge's instruction of what constitutes reasonable doubt, a claim McBride raised for the first time in these federal habeas proceedings. On May 22, 2020, Judge Wells granted McBride's unopposed motion to expand the record to include declarations from his former trial and PCRA attorneys. Both of those attorneys attested that they had no tactic or strategy for not objecting and that their failure to do so was due to oversight. A few days later on May 28, 2020, Judge Wells issued the R & R at issue recommending that habeas relief be granted with respect to the ineffective assistance of counsel claim.

**DISCUSSION**

The challenged jury instruction was given in the context of the trial judge's explanation that the Commonwealth must prove the case "beyond a reasonable doubt," which is "the highest standard in the law," and is "the only standard that supports a verdict of guilty." Commonwealth Response to Petition for Writ of Habeas Corpus 47 (ECF 32). The trial judge explained that reasonable doubt is "a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, to refrain from acting upon a matter of the highest importance to your own affairs or to

your own interests." (*Id.* at 48). The judge then provided the following example for how to think about reasonable doubt, which McBride contends is unconstitutional:

> I find it helpful to think about reasonable doubt in this way: Each one of you loves someone. Each one of you is blessed to love someone. A spouse, a significant other, a parent, a child, a niece, a nephew, each one of you has someone in your life who is precious. If you were advised by your loved one's physician that that loved one had a life-threatening illness and that the only protocol was a surgery, very likely you would ask for a second opinion. You'd probably get a third opinion. You'd probably start researching the illness, what is the protocol, is surgery really the only answer. You'd probably, if you're like me, call everybody you know in medicine: What do you know about this illness? What do you know about this surgery? Who does this surgery across the country? What is my option?
>
> At some moment, however, you're going to be called upon to make a decision: Do you allow your loved one to go forward? If you go forward, it's not because you have moved beyond all doubt. There are no guarantees. If you go forward, it's because you have moved beyond all reasonable doubt. *Id.*

As Judge Wells noted, the trial judge used materially identical instructions in numerous murder trials over several years, but in 2017, it was successfully challenged on due process grounds in another case in this District. R & R, p. 2 (citing *Brooks v. Gilmore*, Civ. A. No. 15-5659, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017). In 2020, habeas relief was granted on a claim of ineffective assistance of counsel based on counsel's failure to object to this same instruction. *Id,* (citing *McDowell v. Delbalso*, Civ. A. No. 18-1466, 2020 U.S. Dist. LEXIS 1806 (E.D. Pa. Jan. 3, 2020)).

McBride obtained affidavits from trial and PCRA counsel which explained they had no strategic reason for failing to object to the reasonable doubt instruction. (See: Declaration of Michael E. Wallace, Esq. at 2, Declaration of Elayne Bryn, Esq. at 2, attached as Exhibits 1 and 2 to Defendant's Motion to Dispense with Evidentiary Hearing [ECF No. 36]). Noting the

"Pennsylvania state courts had never addressed Petitioner's ineffective assistance claim," Judge Wells determined "*de novo*, not deferential, review is appropriate,"[1] and McBride was entitled to merits review of his defaulted ineffective assistance of counsel claim.[2]

Under 28 U.S.C. § 636(b)(1)(C), the District Court, when ruling on an R&R, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court may also recommit the matter to the magistrate with instructions. *Id.*

Here, the Commonwealth does not defend the reasonable doubt instruction but nevertheless challenges the R & R for effectively two reasons:

1. Neither trial counsel's failure to object to the reasonable doubt instruction nor PCRA counsel's failure to raise an ineffective assistance of counsel claim based on trial counsel's failure to object was unreasonable under prevailing professional norms, and counsel were not ineffective given that the alleged jury instruction error was not clear or obvious;

2. There was no prejudice as a result of the failure to object in light of the compelling evidence of guilt in this case.

The first objection lacks merit, as the Court discerns no error in the R & R's conclusion that both trial and PCRA counsel were ineffective and that the procedural default was excused. However, the Commonwealth's prejudice argument is well-taken and has essentially already been

---

[1] "[B]y its own terms, §2254(d) applies only to claims already adjudicated on the merits in State court proceedings." *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

[2] Judge Wells concluded McBride's appointed post-conviction counsel was also admittedly ineffective in failing to assert the unconstitutionality of the jury instruction at issue in the PCRA proceedings and this error was substantial given that it had "some merit." (R & R, pp. 4-5) (applying *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 375, 377 (3d Cir. 2018) and *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 762, 764 (3d Cir. 2018)).

adjudicated in its favor in McBride's co-defendant's case. *See, Baxter v. Superintendent Coal Township SCI*, 998 F.3d 542 (3d Cir. 2021).

It is of course well-settled law that a convicted defendant's claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, defendant must show that counsel's performance was deficient, *i.e.,* that his attorney "made errors so serious that" he or she "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show that the deficient performance prejudiced the defense. *Id*. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. It is only when both of these elements are demonstrated that the conviction may be overturned.

As noted in *Baxter*, the Third Circuit addressed an ineffective assistance of counsel claim identical to the one asserted by McBride – namely that Baxter's counsel was ineffective for failing to object to the same reasonable doubt instruction at his and McBride's joint trial. Rather than viewing the language utilized in the reasonable doubt instruction in a vacuum, the Third Circuit examined it under the lens of the rules for evaluating jury instructions generally: "[t]hese rules do not require that any particular form of words be used in advising the jury of the government's burden of proof," but instead "require examining the language in its totality and determining whether the instructions correctly captured the applicable legal concepts." 998 F.3d at 548 (citing *Victor v. Nebraska,* 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L. Ed.2d 583 (1994) and *United States v. Isaac*, 134 F.3d 199, 204, 39 V.I. 470 (3d Cir. 1998)). "In the context of an ineffective assistance of counsel claim, if [the Court] conclude[s] that the instruction contains an error, [it] then examine[s] whether the instruction resulted in actual prejudice." *Id.* In applying these rules, the Third Circuit concluded:

> Even if the example used in the instruction improperly cast the reasonable doubt standard, the surrounding language correctly expressed the standard. Moreover, the evidence against Baxter shows that even the inapt example did not prejudice him. …Various eyewitnesses who were in close proximity of and who knew Baxter for years testified that Baxter and McBride chased Brown and repeatedly shot him. Baxter's friend Marcelis corroborated the eyewitness accounts with her report of driving Baxter and McBride to the playground, hearing their incriminating remarks after the shooting and their motive for it, and their flight to Wilkes-Barre. This flight, together with Baxter's use of false names when he encountered law enforcement after the murder, provided a basis to infer a consciousness of guilt. In light of this evidence, Baxter cannot show he was prejudiced by the phrasing of the example in an otherwise correct reasonable doubt instruction. …Accordingly, Baxter's counsel's failure to object to the reasonable doubt instruction did not prejudice him, and thus he cannot show he was deprived of effective assistance of counsel.

*Id,* at 549 (citations omitted).

The foregoing reasoning applies with equal force in this case. In keeping with the Third Circuit's findings, this Court likewise finds that McBride also cannot show his counsel's failure to object to the reasonable doubt instruction caused him prejudice nor that he was deprived of his Sixth Amendment right to effective counsel. The Commonwealth's objections to the R & R are therefore sustained and, because Judge Wells did not have occasion to address the other issues raised in McBride's habeas petition, this matter shall be remanded to her for this purpose.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sanchez
_____
Juan R. Sanchez,        C.J.